# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TIFFANY BLADES,

    Plaintiff,

v.

WELLS FARGO BANK NA, *et al.*,

    Defendants.

Case No. 2:11-CV-01389-KJD

**ORDER**

    Presently before the Court is the Motion to Dismiss (#9) of Defendant MTC Financial, Inc., d/b/a Trustee Corps. ("Trustee Corps."). Plaintiff filed a response in opposition (#22) to which Trustee Corps. replied (#23).

    Also before the Court is the Motion to Dismiss (#27) of Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corp. d/b/a Freddie Mac ("Freddie Mac"). Plaintiff filed a response in opposition (#37) to which Wells Fargo and Freddie Mac replied (#38).

I.  Background

    Plaintiff's mother Anna Nuttall ("Nuttall") purchased property at 6275 Curry Road, Fallon, Nevada (the "Property") on December 29, 2003 with a loan for $100,000 from Wells Fargo. Nuttall secured this loan with a Deed of Trust encumbering the Property. United Title was the original trustee.

    Prior to Nuttall's death on October 2, 2007, Nuttall executed a grant, bargain, and sale deed ("Deed") conveying the Property to Plaintiff Tiffany Blades. The Deed was recorded on October 3,

2007. The Property went into default. Subsequently, Trustee Corps. was formally substituted as the trustee under the Deed of Trust. On June 12, 2009 Trustee Corps. executed and recorded a Notice of Default on the Property. On August 26, 2009 Plaintiff and Defendants entered into a Forbearance Agreement. The Forbearance Agreement required Plaintiff to remit an initial $3,500 payment and then payments of $1,330.16 due on the 15th of each month. Defendants agreed to postpone the actual Trustee's Sale of the Property monthly, as long as the terms of the Forbearance Agreement were satisfied. On February 12, 2010 Trustee Corps. recorded a Notice of Trustee's Sale. Plaintiff failed to remit any payments after the February 12th Notice of Trustee's Sale. Notwithstanding Plaintiff's failure to pay pursuant to the Forbearance Agreement, the Trustee's Sale was postponed several times until a sale occurred on May 25, 2010, at which time Freddie Mac acquired the Property.

On August 29, 2011 Plaintiff filed her complaint (#1). The Complaint contains claims for breach of contract, promissory estoppel, tortious and contractual breach of the implied covenant of good faith and fair dealing, intentional and negligent misrepresentation, unjust enrichment, and a violation of NRS §107.080. Defendants now move to dismiss the Complaint for failure to state a claim upon which relief may be granted. Plaintiff has withdrawn all claims against Trustee Corps. except the claim for a violation of NRS §107.080.

II.  Discussion

    A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. The Iqbal evaluation illustrates a two-prong analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Ashcroft, 129 S. Ct. at 1949-51.

Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Ashcroft, 129 S. Ct. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Ashcroft, 129 S. Ct. at 1950.

### B. Breach of Contract

To establish a claim for a breach of contract, a plaintiff must allege: 1) the existence of a valid contract; 2) a breach by the defendant; and 3) damages resulting from defendant's breach. Saini v. Int'l Game Tech., 434 F.Supp.2d 913, 919–20 (D. Nev. 2006); Brown v. Kinross Gold U.S.A., Inc., 531 F.Supp.2d 1234, 1240 (D. Nev. 2008). The contract must be formed between the defendant and the plaintiff. Wachovia Bank, N.A. v. Chaparral Contracting, Inc., 2010 WL 2803016 (D. Nev. 2010). "Parties may mutually consent to enter into valid agreement to modify [a] former contract." Clark County Sports Enterprises, Inc. v. City of Las Vegas, 606 P.2d 171, 175.

Plaintiff's first two causes of action are based in contract. First, Plaintiff alleges that she became the obligor on the mortgage after Nuttall's death because she remitted payments in accordance with the mortgage and that Defendants breached the terms of the mortgage by dispossessing the rights of Plaintiff to the Property. Defendants assert that Plaintiff was not a party to the mortgage agreement nor did she properly apply to assume the mortgage until after the Property was properly acquired by Freddie Mac after the Trustee's Sale.

Defendants did not consent to a modification to the mortgage agreement through the Deed, Forbearance Agreement, or by acceptance of payments. The Deed from Nuttall to Plaintiff cannot unilaterally modify the mortgage agreement because the mortgage agreement was entered into by distinctly different parties and Defendants did not consent to any modification. The Forbearance Agreement unambiguously states "the [Forbearance Agreement] is not a modification of the Note or Deed of Trust" and "the Note and Deed of Trust continue to be and shall remain unchanged and in full force and effect in accordance with their terms". (See Defendants' Motion to Dismiss, #27, Ex. D, ¶¶13-14.) Additionally, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this cause of action. See LR 7-2(d) ("the failure of an opposing party

to file points and authorities in response to any motion shall constitute consent to the granting of the motion"). Accordingly, the breach of contract claim based on the mortgage agreement is dismissed.

Next Plaintiff alleges that Defendants violated the terms of the Forbearance Agreement by not postponing foreclosure proceedings.[1] Defendants do not concede that they are bound by the Forbearance Agreement and assert that Plaintiff breached a prerequisite condition of the Forbearance Agreement by failing to remit mandatory payments and this failure extinguished the requirement to postpone the scheduled Trustee's Sale.

The unambiguous terms of the Forbearance Agreement required Defendants to postpone the Trustee's Sale but not cancel it. The Forbearance Agreement states, *inter alia*, that the lender will not cancel the Trustee's Sale but will "place the foreclosure on hold or postpone the Trustee's Sale every 30 days for approximately 30 days… until any and all defaults… are cured." (Defendants' Motion to Dismiss, #27, Ex. D ¶7).The Forbearance Agreement also requires Plaintiff to remit payment on the 15th of each month. (Defendants' Motion to Dismiss, #27, Ex. D. ¶2). Plaintiff's claim that Defendants breached the Forbearance Agreement by sending the Notice of Trustee's Sale is not plausible on its face because the unambiguous language of the Forbearance Agreement states that Defendants' obligation was to postpone the Trustee's Sale, not to cancel it entirely. The Complaint contains no plausible allegations that providing the Notice of Trustee's Sale was a breach of the alleged Forbearance Agreement. However, Plaintiff's failure to remit a timely payment is a material breach of the unambiguous terms of the Forbearance Agreement, which allows the lender to exercise all remedies pursuant to the Agreement, Note and/or the Deed of Trust. (Defendants' Motion to Dismiss, #27, Ex. D ¶4). Accordingly, Plaintiff fails to state a plausible clam for breach of contract claim based on the Forbearance Agreement and this claim is dismissed.

///

///

---

[1] The Forbearance Agreement is extensively referenced in the Complaint. Accordingly, it is properly considered by the Court. See, e.g. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998)

4

### C. Promissory Estoppel

To establish a claim for promissory estoppel a plaintiff must allege: 1) defendant was apprised of the true facts; 2) defendant intended that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; 3) plaintiff was ignorant of the true state of facts; and 4) plaintiff has relied to his detriment on the conduct of the party to be estopped. Pink v. Busch, 691 P.2d 456, 459–60 (Nev.1984). The doctrine of promissory estoppel is not intended as a substitute for an agreement between the parties. Vancheri v. GNLV Corp., 777 P.2d 366, 369 (1989). "In general, the party claiming estoppel must specifically plead all facts relied on to establish its elements." Nevada Nat. Bank v. Huff, 582 P.2d 364, 371 (Nev.1978); see also Patriot Scientific Corp. v. Korodi, 504 F.Supp.2d 952, 967 (S.D.Cal.2007). Promissory estoppel must comply with the heightened pleading standard of Fed.R.Civ.P. 9(b). See Hasan v. Ocwen Loan Servicing, LLC, 2010 WL 2757971, 2 (D. Nev. 2010). Promissory estoppel is an equitable doctrine. Viets v. Wachovia Mortg., 2011 WL 6181934 *5 (D. Nev. 2011). "[I]n seeking equity, a party is required to do equity." Transaero Land & Dev. Co. v. Land Title Co. of Nev., Inc., 842 P.2d 716, 718 (1992) (citing Overhead Door Co. v. Overhead Door Corp., 103 Nev. 126, 127, 734 P.2d 1233, 1235 (1987)).

Plaintiff alleges that she should be considered the borrower under the Note and Deed of Trust since she is named numerous times as the borrower in the Forbearance Agreement. Defendant argues that this claim should be dismissed because there is not a "clear, definite promise capable of enforcement by this Court." (Defendants' Motion to Dismiss, #27, P. 8,19-20). Additionally, Defendants assert that Plaintiff failed to make payments under the Forbearance Agreement therefore, she is not entitled to equitable relief.

Promissory estoppel cannot apply here since promissory estoppel is not intended to substitute the terms of the Forbearance Agreement. The Forbearance Agreement specifically states that it does not modify the Note or Deed of Trust. (Defendants' Motion to Dismiss, #27, Ex. D, ¶13). In addition, Plaintiff's failure to remit payment is a material breach and therefore she fails to do equity in return

for equity. Further, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this cause of action. See LR 7-2(d). Accordingly, the claim for promissory estoppel is dismissed.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

To establish a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege: 1) plaintiff and defendant were parties to a contract; 2) defendants owed a duty of good faith to plaintiff; 3) defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and 4) plaintiff's justified expectations were denied. Perry v. Jordan, 900 P.2d 335, 338; see Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 923 (1991). Every contract imposes upon each party a duty of good faith and fair dealing in its performance and execution. A.C. Shaw Contr. v. Washoe County, 784 P.2d 9 (Nev. 1989). A plaintiff may assert an action if the defendant intentionally breaches the intention and spirit of the agreement. Morris v. Bank of America, 886 P.2d 454, 457 (Nev. 1994) (citing Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 922-23 (1991)).

An action for breach of the implied covenant of good faith and fair dealing arises only "in rare and exceptional cases" when there is a special relationship between the parties. A special relationship is "characterized by elements of public interest, adhesion, and fiduciary responsibility". Insurance Co. of the West v. Gibson Tile Co. Inc., 134 P.3d 698, 702 (Nev. 2006). Nevada law does not recognize a fiduciary relationship between a lender and borrower. Giles v. General Motors Acceptance Corp., 494 F.3d 865, 882 (9th Cir. 2007); "Indeed, such parties are adversaries, not fiduciaries." See Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 882 (9th Cir.2007) (noting that the district court in that case had held that the Nevada Supreme Court would not recognize a fiduciary relationship as a matter of law between a lender and borrower).

Plaintiff bases her claim for breach of the implied covenant of good faith and fair dealing on an alleged breach of fiduciary duty by Defendants when they failed to adequately consider her loan

modification application. Plaintiff further alleges that she believed that there would not be a threat of foreclosure if she fulfilled her obligations under the Forbearance Agreement.

Here, Plaintiff's claim under the mortgage agreement fails because she was not a party to the original contract. Plaintiff's claim under the Forbearance Agreement fails because a special relationship does not exist between the parties since Plaintiff and Defendants are considered adversaries to these transactions rather than fiduciaries.

Plaintiff has failed to plead any plausible facts that Defendants breached the intention and spirit of the Forbearance Agreement. It is not enough that Plaintiff believed that fulfillment of her obligations would prevent foreclosure without specific averrments as to how Defendants actions were unfaithful to the intention of the contract. Plaintiff has not pled facts showing that Defendants were under any obligation to grant a loan modification. Further, Plaintiff has not pled facts showing that she could justifiably expect that a loan modification would be granted when she materially breached the Forbearance Agreement by failing to remit required payments. Plaintiff cannot plausibly state a claim for a breach of the implied covenant of good faith and fair dealing. Accordingly, Defendants' Motion to Dismiss this claim is granted.

E.  Intentional and Negligent Misrepresentation

To establish a claim for intentional misrepresentation, a plaintiff must allege: 1) defendant made a false representation; 2) defendant had knowledge of its falsity; 3) defendant intended to induce a reliance on the misrepresentation; 4) plaintiff justifiably relied on the misrepresentation; and 5) plaintiff suffered damages as a result of the reliance. Nau v. Sellman, 757 P.2d 358, 360 (1988); Guthrie v. Argent Mort. Co., LLC, 2011 WL 6140660 * 2 (D. Nev. 2011) (citing Nelson v. Heer, 163 P.3d 420, 426 (Nev. 2007)).

To establish a claim for negligent misrepresentation, a plaintiff must allege: 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5)

7

that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. G.K. Las EVgas Ltd. v. Simon Prop. Group, Inc., 460 F.Supp.2d 1246.1262 (D. Nev. 2006).

Claims of intentional and negligent misrepresentation must be plead with particularity including allegations of the time, place, nature of the fraud, and specific parties involved. Neubronner v. Milliken, 6 F.3d 666 (9th Cir. 1993); Ness v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir.2007). It is not required that the complaint describe in detail every single transaction. However, the complaint must identify the circumstance of the alleged fraud so that defendants can prepare an adequate answer. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Plaintiff alleges that Defendants intentionally or negligently misrepresented the reasons why they denied the mortgage modification including that she failed to submit documents and contact Defendants. Defendants contend that Plaintiff's allegations fail because 1) they do not meet the heightened pleading standards of Fed. R. Civ. P. 9(b), 2) Plaintiff cannot establish that she relied upon the alleged misrepresentations, and 3) Plaintiff cannot establish that alleged misrepresentation caused her a pecuniary loss because Defendants did not owe an obligation to modify the loan.

The bare allegation that "her modification was denied due to her failure to submit required documents" (Plaintiff's Complaint, #1, ¶25) fails to meet the heightened pleading standard by failing to allege with particularity the time, place, and person associated with the alleged misrepresentations. Plaintiff's allegations that Defendants were unable to get into contact with her fail because she has not pled facts showing that she could justifiably rely upon the Forbearance Agreement to cancel the foreclosure proceedings. The Forbearance Agreement plainly entitles Defendants to continue foreclosure proceedings so long as they postponed the scheduled sales dates. Only after Plaintiff breached was Defendants authorized to cancel any postponement and to complete the Trustee's Sale. Further, Plaintiff does not plead facts showing how she could have reasonably relied on any statements made by Defendants or how she could possibly have suffered an actual pecuniary loss

since the Forbearance Agreement set the terms of which Plaintiff breached resulting in a loss of any funds remitted to Defendants on her behalf. Accordingly, the Court grants the Motion to Dismiss this claim.

### F. Unjust Enrichment

To establish a claim for unjust enrichment, a plaintiff must allege that a defendant has and retains a benefit, which in equity and good conscience belongs to another. Ramanathan v. Saxon Mortg. Services, Inc., 2011 WL 6751373 *6 (D. Nev. 2011) (citing Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997)). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Ramanathan, 2011 WL 6751373 *6. Unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." Id. Mortgages are express contracts and unjust enrichment does not apply. Reyes v. BAC Home Loans Serving, LP., 2012 WL 2367803 (D. Nev. 2012) (citing Green v. Countrywide Home Loans Inc., 2011 WL 5926750 (D. Nev. 2010)).

Plaintiff alleges that Defendants breached the Forbearance Agreement by foreclosing on the Property and failing to remit all payments she submitted during the course of the Forbearance Agreement. Plaintiff asserts that if an express contract is not found, then she is entitled to a return of the funds. Defendants argue that the forbearance agreement is an express contract therefore unjust enrichment could not apply. Additionally, Defendants argue that retaining payment is proper because Plaintiff was allowed to stay in the defaulted Property for nearly 3 years without submitting adequate payment on a regular basis.

Accepting the allegations of the Complaint as true, the Forbearance Agreement explicitly governs the rights of the parties. Plaintiff does not plausibly claim that she performed under the Forbearance Agreement. The Forbearance Agreement unambiguously permits Defendants to forego a postponement of the Trustee's Sale and exercise any all rights pursuant to the Forbearance

1 Agreement, the Note, and/or the Deed of Trust. Accordingly, Plaintiff has failed to state a plausible
2 claim for unjust enrichment and the Court grants the Motion to Dismiss this claim.

3      G.  NRS §107.080

4      In Nevada a trustee's foreclosure sale process is governed by NRS §107.080 *et seq*. The
5 trustee executes and causes to be recorded a notice of breach and of the election to sell the property
6 to satisfy the obligation. NRS §107.080(2)(c). The foreclosure process is commenced by the
7 recording of a notice of default and election to sell by the trustee. NRS §107.080(3). After the notice
8 of default is recorded, the grantor has the option in which to cure the deficiency. Parties are required
9 to "substantially comply" with the statute incident to conducting foreclosure sales or the sale will be
10 invalid. NRS §107.080(5)(a); see Hampton v. Countrywide Home Loans, Inc., 2011 WL 1792743 *3
11 (D. Nev. 2011). A substitution of trustee executed after a notice of default is filed is practically
12 insurmountable evidence of ratification. Docket v. Loan City, 2011 WL 5190944 (D. Nev. 2011)
13 (citing Nevada ex rel. Bates v. MERS, 2011 WL 1582945, *5 (D. Nev. 2011)). The filing becomes
14 proper if the beneficiary later ratifies the act after discovering what has occurred. Id. In order to
15 rescind a trustee's sale, a plaintiff must commence an action in the county where the sale took place
16 within 90 days after the sale date and record a lis pendens in the county recorder's office where the
17 sale took place within 30 days after the commencement of the action. NRS §107.080(5).

18      The issue here is whether Trustee Corps. was authorized under NRS §107.080 to record the
19 Notice of Default. Judicially noticeable documents show that the Substitution of Trustee was dated
20 June 11, 2009, notarized on July 14, 2009, and finally recorded on July 21, 2009. The Notice of
21 Default was recorded on June 12, 2009.  Wells Fargo ratified the Substitution of Trustee by
22 endorsing the document on June 11, 2009 and by not objecting to the substitution after discovering
23 that the document was not notarized or recorded until after June 12, 2009. Plaintiff has failed to
24 plausibly plead facts showing that Defendants failed to substantially comply with NRS §107.080.
25 Additionally, this cause of action is time barred because Plaintiff did not file this action until August
26

29, 2011 more than 1 year after the Trustee's Sale on May 25, 2010. See NRS §107.080(5). Accordingly, the Court grants the motion to dismiss this claim against all Defendants.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#9) and (#27) is **GRANTED**.

DATED this 12th day of July 2012.

_____
Kent J. Dawson
United States District Judge